Debtor **Christopher L. Myrick**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**
[Bankruptcy district]

☐ Check if this is an amended plan

Case number: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1 | $1,880.63 | monthly | 60 months | ☑ Debtor will make payment directly to trustee. The Debtor shall employ the TFS system to effect regularly pre-scheduled payments no less frequently than monthly and shall activate the TFS system within 14 days of this order. Debtor's counsel shall assist as necessary. |
| ☐ Debtor 2 | | | | |

Insert additional lines as needed.

**2.2 Income tax refunds.**
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $112,837.80**.

Debtor **Christopher L. Myrick** Case number _____

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** *Check one.*

  ☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*

  ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

  ☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
  ☑ The claims listed below were either:

    (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
    (2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

    These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

    If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| CarMax Auto Finance | 2018 BUICK REGAL TOUR X 19890 miles VIN # W04GU8SX9J1064460 | $22,371.00 | 3.25% | $404.47 |
| Performance Finance | 2017 INDIAN CHIEF 4876 miles VIN # 56KCCDAA1H3355654 | $14,892.00 | 3.25% | $269.25 |

*Insert additional claims as needed.*

**3.4 Lien avoidance**. *Check one.*
  ☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
  ☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,950.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

  ☐ The attorney for the debtor(s) shall receive a monthly payment of $___.

  ☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

  **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
  ☐ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.
  ☑ The debtor(s) will maintain postpetition payments on the domestic support obligation(s) listed below. These payments will be disbursed either by the trustee or directly by the debtor, as specified. Any arrearage on a listed claim will be paid in full through the trustee. If no monthly payment is stated, the trustee will disburse available funds to cure the arrearage. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the postpetition payment and arrearage. Unless a proof of claim filed in accordance with the Bankruptcy Rules states an arrearage through a later month, the arrearage will only include amounts due as of the petition date.

APPENDIX D      Chapter 13 Plan      Page 2

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 3:20-bk-01754   Doc 2   Filed 03/19/20   Entered 03/19/20 16:33:44   Desc Main
Document   Page 2 of 5

Debtor    **Christopher L. Myrick**                                    Case number

| Name of Creditor | Current monthly payment | Amount of arrearage, if any | Monthly payment on arrearage, if any | When ongoing obligation terminates |
|---|---|---|---|---|
| Montgomery County Child Support | $620.00 | $26,000.00 | $433.33 | 2030 |
| | Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | | | |

*Insert additional claims as needed.*

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims and Postpetition Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑ **0** % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑ **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Debtor | **Christopher L. Myrick** | | Case number | |
|---|---|---|---|---|

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| **AT&T** | | $0.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |

*Insert additional claims as needed.*

## Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

  a. Filing fees paid through the trustee

  b. Current monthly payments on domestic support obligations

  c. Other fixed monthly payments

  If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

  *Insert additional lines as needed.*

  d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

  The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

  *Insert additional lines as needed.*

  e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

  f. Disbursements to claims allowed under § 1305 (§ 5.5)

☐ **Alternative order of distribution:**

  *Insert additional lines as needed.*

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐ plan confirmation.
☐ other: _____

## Part 9: Nonstandard Plan Provisions

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 10: Signatures:

X **/s/ Brian L. Hill**           Date **March 19, 2020**

| Debtor | **Christopher L. Myrick** | Case number | |
|---|---|---|---|

**Brian L. Hill 025453**
Signature of Attorney for Debtor(s)

X **/s/ Christopher L. Myrick**   Date **March 19, 2020**
  **Christopher L. Myrick**

X _____   Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2020, a copy of Chapter 13 Plan was served electronically on the US Trustee and Chapter 13 Trustee and was served via regular United States mail to the creditors listed below.

**AT&T**
**Attn: Owner/Agent-Bankruptcy**
**P.O. Box 5093**
**Carol Stream IL 60197-0000**

**Performance Finance**
**Attn: Owner/Agent-Bankruptcy**
**10509 Professional Cir S**
**Reno NV 89521-0000**

**Performance Finance**
**Attn: Owner/Agent-Bankruptcy**
**10509 Professional Cir S**
**Reno NV 89521-0000**

**Montgomery County Child Support**
**ATTN: John Lentz, Esq.**
**200 Commerce St.**
**Clarksville TN 37040-0000**

**Tennessee Child Support Receipting Unit**
**400 Deadrick St.**
**Nashville, TN 37243**

**Brittany Myrick**
**9 Strassburg Rd.**
**Clarksville, TN 37043**


*/s/Brian L. Hill*_____
**Brian L. Hill 025453**
**Law Office of Brian L. Hill**
**PO Box 353**
**Clarksville, TN 37041**
**931-320-9573 Fax:931-645-4007**
**bhill@tnkylegal.com**